UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

SEAN C. BLACK,                              Case No. 1:21-cv-004
        Plaintiff,

                                            Dlott, J.
    vs.                                     Litkovitz, M.J.

HAMILTON COUNTY CLERK                       **REPORT AND**
OF COURTS AND JUSTICE                       **RECOMMENDATION**
CENTER, *et al.*,
        Defendants.


Plaintiff, a former prisoner at the Hamilton County Justice Center (HCJC),[1] brings this

civil rights action under 42 U.S.C. § 1983 against defendants Hamilton County Clerk of Courts

and Justice Center, Simon Leis, Dr. Huchard, Judge Steve Martin, and Officer Fritz.  By

separate Order, plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28

U.S.C. § 1915.  This matter is before the Court for a sua sponte review of plaintiff's complaint

to determine whether the complaint, or any portion of it, should be dismissed because it is

frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary

relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B).

In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant

whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an

economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits."  *Denton*

*v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)).

To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in*

*forma pauperis* complaint if they are satisfied that the action is frivolous or malicious.  *Id.*; *see*

---

[1] On February 18, 2021, plaintiff submitted a notice of change of address indicated he was no longer located at the
HCJC.  (Doc. 8).  On March 11, 2021, the Court's January 8, 2021 Deficiency Order was returned marked "Inmate
was Released."  (Doc. 10 at PageID 45).

*also* 28 U.S.C. §§ 1915(e)(2)(B)(i). A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams,* 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Congress also has authorized the *sua sponte* dismissal of complaints that fail to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915 (e)(2)(B)(ii). A complaint filed by a *pro se* plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). By the same token, however, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Hill*, 630 F.3d at 470-71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

2

*Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (citations omitted).

In the complaint, plaintiff claims that in 1999 he was beaten and sexually assaulted by another inmate while at the HCJC. (Doc. 1-2, Complaint at PageID 15). According to plaintiff, this "was on Honorable Sheriff Simon Leis watch." (*Id.*). Plaintiff further alleges that in 2008 defendant Judge Steve Martin released him from jail. It appears from the complaint that plaintiff's release was based on defendants Martin and Dr. Hubbard's incorrect belief that plaintiff had cancer. Plaintiff states that he informed Martin it was "HIV because of the Justice Center." (*Id.* at PageID 15).

Plaintiff next claims that on November 12, 2020, defendant Officer Fritz denied him toilet paper, requiring plaintiff to use a towel. Plaintiff further complains about his cell conditions, claiming without factual elaboration: "no soap once a month no water in sink cold in cell 20 degrees." (*Id.*).

Plaintiff seeks monetary damages. (*Id.* at PageID 16).

3

The complaint should be dismissed because plaintiff has failed to state an actionable claim under § 1983 based on allegations showing that he was deprived of "a right secured by the United States Constitution or a federal statute." *See Spadafore v. Gardner*, 330 F.3d 849, 852 (6th Cir. 2003).

As an initial matter, plaintiff has not made any factual allegations against the Hamilton County Clerk of Courts. The Hamilton County Clerk of Courts should therefore be dismissed as a defendant to this action.

The Hamilton County Justice Center (HCJC) is also not a proper defendant in this action. Title 42 U.S.C. § 1983 provides that "[e]very person who, under the color of any statute . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . ." 42 U.S.C. § 1983. A correctional facility is not a "person" subject to suit under 42 U.S.C. § 1983. *See Parker v. Michigan Dept. of Corrections,* 65 F. App'x. 922, 923 (6th Cir. 2003) (Department of Corrections not a "person" under § 1983). *See, e.g.*, *Aladimi v. Hamilton Cnty. Justice Center*, No. 1:09-cv-398, 2012 WL 292587, at *7 (S.D. Ohio Feb. 1, 2012) (finding that the Hamilton County Justice Center was not a person subject to suit), *adopted,* 2020 WL 529585 (S.D. Ohio Feb. 17, 2012). Even if the Court were to liberally construe the complaint as against Hamilton County itself, plaintiff has also failed to allege that his constitutional rights were violated pursuant to a county policy. *See Monell v. Dep't of Social Servs.*, 436 U.S. 658, 690 (1978). Therefore, the complaint should be dismissed as to the HCJC.

Furthermore, it is clear from the face of the complaint that plaintiff's claims from 1999 and 2008 are time-barred. Plaintiff's civil rights complaint is governed by Ohio's two-year

4

statute of limitations applicable to personal injury claims.  *See, e.g., Browning v. Pendleton*, 869 F.2d 989, 992 (6th Cir. 1989) (holding that the "appropriate statute of limitations for 42 U.S.C. § 1983 civil rights actions arising in Ohio is contained in Ohio Rev. Code § 2305.10, which requires that actions for bodily injury be filed within two years after their accrual"); *see also Wallace v. Kato*, 549 U.S. 384, 387 (2007) (and Supreme Court cases cited therein) (holding that the statute of limitations governing § 1983 actions "is that which the State provides for personal-injury torts"); *Zundel v. Holder,* 687 F.3d 271, 281 (6th Cir. 2012) ("the settled practice . . . to adopt a local time limitation as federal law if it is not inconsistent with federal law or policy to do so" is applicable "to § 1983 actions and to *Bivens* actions because neither the Federal Constitution nor the § 1983 statute provides timeliness rules governing implied damages") (internal citation and quotation marks omitted).  Although the statute of limitations is an affirmative defense, when it appears clear on initial screening of the complaint that the action is time-barred, the complaint may be dismissed for failure to state a claim upon which relief may be granted.  *See Jones v. Bock,* 549 U.S. 199, 215 (2007).  *Cf. Fraley v. Ohio Gallia Cnty.*, No. 97-3564, 1998 WL 789385, at *1-2 (6th Cir. Oct. 30, 1998) (holding that the district court "properly dismissed" the *pro se* plaintiff's § 1983 civil rights claims under 28 U.S.C. § 1915(e)(2)(B) because the complaint was filed years after Ohio's two-year statute of limitations had expired); *Anson v. Corr. Corp. Of America,* No. 4:12cv357, 2012 WL 2862882, at *2-3 (N.D. Ohio July 11, 2012) (in *sua sponte* dismissing complaint under 28 U.S.C. § 1915(e), the court reasoned in part that the plaintiff's *Bivens* claims asserted "six years after the events upon which they are based occurred" were time-barred under Ohio's two-year statute of limitations for bodily injury), *aff'd*, 529 F. App'x 558 (6th Cir. 2013).  Here, it is clear from the face of the complaint that any

claim based on incidents which occurred in 1999 or 2008 are time-barred.

In any event, plaintiff seeks to hold defendant Leis liable upon a theory of *respondeat superior*, which does not apply in § 1983 lawsuits to impute liability onto supervisory personnel. *Wingo v. Tennessee Dep't of Corr.*, 499 F. App'x 453, 455 (6th Cir. 2012) (citing *Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981)). To state a claim against a supervisor, the plaintiff must allege that the supervisor was "somehow personally involved in the unconstitutional activity of a subordinate, . . . or at least acquiesced in the alleged unconstitutional activity of a subordinate." *Id.* (citing *Dunn v. Tennessee*, 697 F.2d 121, 128 (6th Cir. 1982); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984)). Plaintiff's claim that the 1999 incidents occurred while defendant Leis was the Hamilton County Sheriff is insufficient to state a claim upon which relief may be granted. Additionally, plaintiff has alleged no facts suggesting that defendants Huchard or Martin violated his constitutional rights in connection with his cancer diagnosis or his 2008 release from the HCJC.

Finally, plaintiff's claims regarding his cell conditions and Officer Fritz fail to state a claim for relief under the Eighth Amendment. The Eighth Amendment requires prison officials "to provide humane conditions of confinement" and to "ensure that inmates receive adequate food, clothing, shelter, and medical care. . . ." *Farmer v. Brennan,* 511 U.S. 825, 832 (1994). "Not every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." *Ivey v. Wilson,* 832 F.2d 950, 954 (6th Cir. 1987). Rather, "[t]he Eighth Amendment is concerned only with 'deprivations of essential food, medical care, or sanitation,' or 'other conditions intolerable for prison confinement.'" *Richmond v. Settles,* 450 F. App'x 448, 455–56 (6th Cir. 2011) (quoting

6

*Rhodes v. Chapman,* 452 U.S. 337, 348 (1981)). Therefore, to state an Eighth Amendment violation, a plaintiff must first allege the unique deprivation of "the minimal civilized measure of life's necessities." *Id.* at 454 (quoting *Rhodes,* 452 U.S. at 347); *see also Brown v. Bargery,* 207 F.3d 863, 867 (6th Cir. 2000) (citing *Farmer,* 511 U.S. at 834) ("[T]he inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm."). He then must subjectively show the defendant acted "wantonly," with "deliberate indifference to the plaintiff's serious needs." *Richmond*, 450 F. App'x at 455 (citing *Farmer,* 511 U.S. at 834).

In this case, plaintiff's claim that defendant Fritz denied him toilet paper on one occasion does not rise to the level of an Eighth Amendment violation. *See, e.g.*, *Dye v. Lomen*, 40 F. App'x 993, 996- 997 (7th Cir. July 16, 2002) ("a prisoner's Eighth Amendment rights were not violated when he was not supplied with toilet paper for a short period of time"). *See also Flanory v. Bonn*, 604 F.3d 249, 254 (6th Cir. 2010) (noting that "[c]ourts have not found the objective component satisfied where the deprivation of hygiene items was temporary"); *Richmond v. Settles*, 450 F. App'x 448, 455 (6th Cir. 2011) (finding that denial of toilet paper, soap, toothpaste, toothbrush, running water, or the ability to shower for six days was insufficient to state an Eighth Amendment violation). Plaintiff's remaining conclusory allegations regarding his cell conditions should also be dismissed, as plaintiff fails to allege that any defendant was aware of the conditions alleged, much less that any named defendant was deliberately indifferent to his health or safety.

Accordingly, in sum, the complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) because plaintiff has failed to state a claim upon which relief may be granted against any of the named defendants.

**IT IS THEREFORE RECOMMENDED THAT:**

1.  The plaintiff's complaint be **DISMISSED** with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B).   In light of this recommendation it is further recommended that plaintiff's pending motion for supplies (Doc. 3) be **DENIED**.

2.  The Court certify pursuant to 28 U.S.C. § 1915(a) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and therefore deny plaintiff leave to appeal *in forma pauperis*.  Plaintiff remains free to apply to proceed *in forma pauperis* in the Court of Appeals.  *See Callihan v. Schneider*, 178 F.3d 800, 803 (6th Cir. 1999), overruling in part *Floyd v. United States Postal Serv.,* 105 F.3d 274, 277 (6th Cir. 1997).

Date: 3/17/2021

Karen L. Litkovitz
United States Magistrate Judge

8

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

SEAN C. BLACK,                                    Case No. 1:21-cv-004
     Plaintiff,

                                   Dlott, J.
     vs                                          Litkovitz, M.J.

HAMILTON COUNTY CLERK                 **REPORT AND**
OF COURTS AND JUSTICE                    **RECOMMENDATION**
CENTER, *et al.*,
     Defendants.


**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written

objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after

being served with a copy thereof.  That period may be extended further by the Court on timely

motion by either side for an extension of time.  All objections shall specify the portion(s) of the

R&R objected to, and shall be accompanied by a memorandum of law in support of the

objections.  A party shall respond to an opponent's objections within **FOURTEEN DAYS** after

being served with a copy of those objections.  Failure to make objections in accordance with this

procedure may forfeit rights on appeal.  *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States*

*v. Walters,* 638 F.2d 947 (6th Cir. 1981).

9